■ In the Matter of the Claim of GEORGE SRUBAR, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— Appeal by the claimant from a decision of the Unemployment Insurance Appeal Board which denied his claim for unemployment benefits. The claimant was referred by an employment agency to a Mr. Weinberg for the job of chauffeur and houseman. Mr. Weinberg was senior vice-president and sales officer of the International Minerals & Metals Corporation, and as such the corporation agreed to furnish him a car and pay for its repairs with Mr. Weinberg paying the operating expenses. The title to the car remained in the corporation. Mr. Weinberg hired the claimant and his duties involved driving Mr. Weinberg to and from the office and to business appointments both in and out of town, he drove for Mrs. Weinberg on shopping trips and social visits and he occasionally acted as a houseman at dinner parties. The claimant's salary was paid by Mr. Weinberg who reported the salary for social security purposes and he was not reimbursed for the salary by the corporation. Mr. Weinberg did not employ a sufficient number of people to be subject to the Unemployment Insurance Law. On November 3, 1957 the claimant was apparently discharged by Mr. Weinberg and on November 4, 1957 he filed a claim for unemployment benefits. The claim was denied on the ground that the claimant did not have 20 weeks of

covered employment. After a hearing the Referee found that claimant was hired by the sales officer as his "personal chauffeur" to work six days a week as a chauffeur and, when required, as a houseman; that claimant drove him to and from his office and to business appointments, and also acted as chauffeur for his wife on shopping trips and social calls; and that claimant was not subject to any direction or control of the corporation. Because claimant was hired, paid, directed and controlled by the sales officer and performed no services directly for the corporation, the Referee sustained an initial determination of ineligibility for benefits. The Unemployment Insurance Appeal Board affirmed the decision of the Referee. Thereafter a further hearing was held on the claimant's application to reopen which was granted and on reconsideration the original decision was adhered to. Claimant contends the decision is contrary to the intent and purpose of subdivision 2 of section 560 of the Labor Law which states: "2. Hirings by helpers and assistants. Whenever any helper, assistant, or employee of an employer engages any other person in the work which said helper, assistant, or employee is doing for the employer, such employer shall for all purposes hereof be deemed the employer of such other person, whether such person is paid by the said helper, assistant, or employee, or by the employer, provided the employment has been with the knowledge, actual, constructive, or implied, of the employer." The Referee and the board have found on the facts that claimant was the personal chauffeur and houseman of Mr. Weinberg the sales officer and was not employed in the work which the sales officer was doing for the corporation, and it is therefore contended by the Attorney-General that the above section 560 (subd. 2) is inapplicable here. We may not say as a matter of law that the claimant was employed in the work which the sales officer was doing for the corporation. Decision unanimously affirmed, without costs. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.